UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ANDRE LUCAS, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>DISTRICT OF COLUMBIA SUPERIOR COURT, )<br>)<br>    Respondent. )<br>) | Civil Action No. 21-3094 (UNA) |

## **MEMORANDUM OPINION**

In the Superior Court of the District of Columbia, petitioner pled guilty to first degree burglary and obstructing justice. *See* Pet. ¶¶ 1-6. He is serving a six-year prison sentence, *see id*. ¶ 3, in the custody of the Federal Bureau of Prisons. Petitioner has challenged his conviction and sentence by filing an unsuccessful motion in the Superior Court under D.C. Code § 23-110, *see id.* ¶¶ 9, 11, and here seeks habeas relief on the ground that trial counsel was ineffective, *see generally id.* ¶ 12. This Court has no jurisdiction to grant petitioner relief.

D.C. Code § 23-110 in relevant part provides:

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a). This petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him

1

relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).

Petitioner has availed himself of the § 23-110 remedy, and this remedy is neither inadequate nor ineffective because the Superior Court ruled against him.[1] *See Graham v. FCC Coleman USP II Warden*, No. 14-CV-1567, 2016 WL 2962190, at *3 (D.D.C. May 20, 2016) ("The record establishes petitioner's pursuit of that remedy; the mere fact that he was not successful in the D.C. courts does not render it inadequate or ineffective."); *Saunders v. United States*, 72 F. Supp. 3d 105, 108–09 (D.D.C. 2014) ("The petitioner's claims arise from alleged trial errors, and each could have been raised in the Superior Court by motion under § 23–110.").

For these reasons, the Court will deny the petition for a writ of habeas corpus. *See Johnson v. United States*, No. 14-CV-1227, 2014 WL 3605810, at *1 (D.D.C. July 18, 2014). The *in forma pauperis* application will be granted, and this matter will be dismissed without prejudice. An Order is issued separately.

DATE: November 24, 2021

/s/
COLLEEN KOLLAR-KOTELLY
United States District Judge

---

[1] Review of the Superior Court docket shows that petitioner's three § 23-110 motions were denied. *See United States v. Lucas*, No. 2017 CF1 004038 (Super. Ct. Oct. 13, 2021); *United States v. Lucas*, No. 2017 CF1 004038 (Super. Ct. Sept. 15, 2020); *United States v. Lucas*, No. 2017 CF1 004038 (Super. Ct. June 19, 2020).